1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON

9

10 BRIDGET BECKER,

11                 Plaintiff,

CASE NO. 2:16-cv-00004 JRC

12      v.

ORDER ON PLAINTIFF'S
COMPLAINT

13 CAROLYN W. COLVIN, Acting

14 Commissioner of the Social Security
Administration,

15               Defendant.

16

17       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18 Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19 Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20 Magistrate Judge, Dkt. 6). Plaintiff has filed an Opening Brief, and defendant has filed a

21 Responsive Brief (*see* Dkt. 13, 14).

22       After considering and reviewing the record, the Court concludes that the ALJ

23 erred when failing to credit fully the opinions from plaintiff's physician. Although the

24

ALJ found that plaintiff's "credibility issues" were not fully accounted for in the opinion from Dr. Seville, Dr. Seville specifically indicated that when providing his medical opinion regarding functional limitations, that he relied on his "objective physical findings, specifically the claimant's significant tremors in her hands" (AR. 318).

Because this error is not harmless, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, BRIDGET BECKER, was born in 1959 and was 52 years old on the alleged date of disability onset of December 9, 2011 (*see* AR. 195-200, 203-04, 211-21). Plaintiff has had some college education (AR. 36).   Plaintiff has work experience as a certified nursing assistance (AR. 36, 38, 310).  She tried starting an online business, but was not successful (AR. 39-40).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease and left upper extremity Depuytren's contracture (20 CFR 404.1520(c))" (AR. 21).

At the time of the hearing, plaintiff was living with her husband and three children (AR. 48).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* AR. 91-100, 102-12, 182-93). Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on August 13, 2014 (*see* AR. 33-89). On November 25, 2014, the ALJ issued a written decision in which the ALJ dismissed the claim for supplemental security income under 1614(a)(3)(A) of the Social Security Act (as it had been denied initially for excess resources and was not before her) and concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 15-32).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the ALJ provided specific and legitimate reasons to reject treating physician, Dr. Paul Seville, M.D.'s opinion regarding plaintiff's physical limitations; (2) Whether or not the ALJ properly found plaintiff not credible; (3) Whether or not the ALJ properly accounted for all limitations in her RFC analysis; and (4) Whether or not the ALJ alleged errors support remand for an immediate award of benefits (*see* Dkt. 13, p. 1).

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

1

<u>DISCUSSION</u>

2
3

**(1) Whether or not the ALJ provided specific and legitimate reasons to reject treating physician, Dr. Paul Seville, M.D.'s opinion regarding plaintiff's physical limitations.**

4
5
6

Plaintiff contends that the ALJ erred when failing to credit fully the opinions from plaintiff's treating physician, Dr. Paul Seville, M.D. Defendant contends that there is no error and plaintiff simply offers a different view of the medical evidence.

7
8
9
10
11
12

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

13
14
15
16
17
18
19
20
21
22
23

Here, Dr. Seville opined, among other things, that plaintiff had no limitations in standing, walking, and sitting; that she could lift and carry 20 pounds occasionally and 10 pounds frequently, that she should never balance but all other postural activities were limited to occasional; that she was limited to occasional manipulative activities; and that environmental limitations included working at heights, extreme temperatures, and excessive noise (AR. 26, 315-19). As noted by the ALJ, Dr. Seville limited plaintiff to occasional manipulative and postural activities (AR. 318). Dr. Seville specifically indicated that the justification for these limitations "is the claimant's medical records and my objective physical findings, specifically the claimant significant tremors in her hands" (*id*.).

24

The ALJ gave partial weight to the opinion of Dr. Seville, but did not give full weight to his opinions regarding occasional manipulative and postural limitations (AR. 26). The ALJ's reasoning included that plaintiff's "tremors are questionable given her credibility issues as discussed above" (*id*.). However, Dr. Seville indicated that he observed plaintiff's "significant tremors in her hands," and indicated that his opinion was based on plaintiff's "medical records and [his] objective physical findings, specifically the claimant's significant tremors in her hands" (AR. 318). Therefore, the ALJ's reference to plaintiff's "credibility" does not entail specific and legitimate reason based on substantial evidence in the record as a whole for failing to credit fully Dr. Seville's opinion.

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001); *cf. Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's

self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

The ALJ also relied on her finding that "it does not appear that Dr. Seville did a credibility analysis" (AR. 26). However, for the reasons just discussed, whether or not Dr. Seville "did a credibility analysis" is not relevant to the opinion he offered based on his "objective physical findings" (AR. 318). Furthermore, the ALJ does not cite any support for her assumption that a doctor must perform a "credibility analysis" in order for the medical opinion to be credited fully.

Finally, the ALJ vaguely indicates that Dr. Seville "was not completely informed about [plaintiff's] functioning;" however, the ALJ does not specify what aspect of plaintiff's functioning would have impacted his opinion regarding limitations based on his objective observations and her medical records, or how they would do so (AR. 26).

The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*

*v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, Dr. Seville opined that plaintiff suffered from functional limitations that were not included into the residual functional capacity ("RFC") and were not included into the hypothetical presented to the vocational expert ("VE"). Had these limitations been credited in full it is possible that the VE may have testified that there were no jobs available in the national economy that an individual with these limitations could perform, leading to a finding of disability. Therefore, the Court cannot conclude with confidence that "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless.

**(2)    Whether or not the ALJ properly found plaintiff not credible and whether or not the ALJ properly accounted for all limitations in her RFC analysis.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and

statements should be assessed anew following remand of this matter. Similarly, an assessment of plaintiff's RFC necessarily must be conducted anew following remand of this matter.

Regarding the ALJ's assessment of plaintiff's symptom testimony, specifically plaintiff's tremors, the Court notes plaintiff's assertion that "the ALJ seems to misunderstand the tremors and confuses functional with volitional" (Dkt. 13, p. 5). *See also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)). The Court also notes that the ALJ relied on her own observations during plaintiff's administrative hearing, however, as noted by the Ninth Circuit, the "sit and squirm" jurisprudence "has been condemned." *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985) (citation omitted). "Denial of benefits cannot be based on the ALJ's observation of [plaintiff], when [plaintiff]'s statements to the contrary [] are supported by objective evidence." *Id.* (citing *Coats v. Heckler*, 733 F.2d 1338, 1341 (9th Cir. 1984)).

**(3)     Whether or not the ALJ errors support remand for an immediate award of benefits.**

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). A direction for an immediate award of benefits is only appropriate when, in addition to other factors, "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen*, *supra*, 80 F.3d at 1292).

Although plaintiff contends that if Dr. Seville's opinion is credited in full "it would provide ample evidence to preclude her past work and all other work due to restricted manipulative and postural activities," plaintiff provides no citation for this assertion (*see* Dkt. 13, p. 15). Furthermore, based on this Court's review of the VE testimony, it does not appear that the VE was asked which jobs would remain available if Dr. Seville's opinion regarding occasional postural and manipulative limitations was fully credited (AR. 82-88). The VE testified that a limitation to occasional use of the bilateral upper extremities would preclude the office helper position, but it "would not preclude the investigator, dealer accounts" position (*see* AR. 85). Therefore, plaintiff's argument is unpersuasive and further administrative proceedings are required to determine the effect of fully crediting the opinion from Dr. Seville.

1

CONCLUSION

2

Based on these reasons and the relevant record, the Court **ORDERS** that this

3

matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

4

405(g) to the Acting Commissioner for further consideration consistent with this order.

5

**JUDGMENT** should be for plaintiff and the case should be closed.

6

Dated this 7th day of July, 2016.

7

8

9

J. Richard Creatura
United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24